# Richmond

LINWOOD BAKER, ADMINISTRATOR, ETC. v. EDWARD A. RICHARDSON.

June 13, 1960.

Record No. 5081.

Present, All the Justices.

The opinion states the case.

*Robert G. Doumar* (*Doumar, Pincus & Anderson,* on brief), for the plaintiff in error.

*Preston P. Taylor* (*Taylor, Gustin & Harris,* on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Linwood Baker, administrator of the estate of Varalie Baker, sued Richardson for the wrongful death of his decedent, a five-year-old child, who was struck and killed by an automobile driven by Richardson.

The trial resulted in a verdict for the defendant. Plaintiff moved for a new trial on the grounds that the verdict was contrary to the law and the evidence and that the jury had been improperly instructed. The motion was overruled and over the objection of the plaintiff judgment was entered on the verdict. We granted a writ of error.

The court's ruling on instructions constitutes the errors assigned.

The record discloses that the accident happened in the City of Norfolk on June 29, 1958, about 3:30 p.m. The weather was clear and the road was dry. The congregation of the Calvary Baptist Church, one of the larger Negro churches in the city was holding a dedicatory ceremony. The church is located in the center of a Negro community, on the northeast corner of Virginia Beach Boulevard and Wide Street. Wide Street runs north and south and is one block east of Church Street which is the hub of Negro social activities.

Virginia Beach Boulevard runs east and west. There are three lanes of travel, each approximately 10 feet wide, going east, and three lanes going west. The eastbound and westbound lanes are separated by a raised island approximately 10 feet in width.

The accident occurred near the intersection of Virginia Beach Boulevard and Wide Street. Defendant Richardson was proceeding eastwardly along the boulevard in the northernmost lane, this being the lane closest to the island and farthest from the curb or sidewalk. The decedent, a five-year-old girl, was standing near the west side of a telephone pole on the southeast corner of the intersection. The evidence discloses that she left this position and ran in a northeasterly

direction diagonally across the boulevard where she was struck and killed by the defendant's automobile as she attempted to traverse the northernmost eastbound lane.

The evidence and the picture exhibits show that a large crowd had assembled to witness the dedication and to see the parade, composed of people on foot and on horseback, led by a noted Negro band. The island in the center of the boulevard and the sidewalks on either side of the street were crowded with people, including men, women and children.

Witness Jean Pearson, testifying for the plaintiff, said she was standing on the southeast corner of the intersection when the child left the telephone pole out of a group of children on the same corner and ran diagonally in a northeasterly direction across the boulevard. She said the child was in plain view as she traversed two traffic lanes before being struck in the third lane by the Richardson car. She stated that she looked at the defendant and he was looking to his left (in the direction of the island) at the time the child was struck; that she hollered and told him he had hit the child and he then looked around and came to a normal stop.

Officer Farr testified that the defendant told him that he "struck the child just about the same time he saw it." The defendant denied making this statement and said he told the officer "I saw the child prior to hitting the child."

Other witnesses testified as to the surroundings at the scene of the accident and stated that the crowd consisted of men, women and children watching the parade. For the purposes of this appeal the evidence stated is sufficient.

The negligence of the defendant was predicated on the lack of proper lookout; proper control; reasonable speed under the circumstances, and also that the car should have been driven to the right of the road.

■ The first question posed by appellant is "whether the driver of an automobile has a right to assume that a five year old child will not cross the street between intersections."

In this connection the court gave, at the request of the defendant and over the objection of the plaintiff, Instruction No. III, which reads as follows:

"The Court instructs the jury that the laws of Virginia provide that wherever possible pedestrians shall cross only at intersections and shall not step into a street at a point where their presence would

be obscured by a motor vehicle or motor vehicles at the curb, and the defendant had a right to assume that no person would violate this law and he had a right to rely upon this assumption unless and until, by the exercise of reasonable care, under the circumstances, the contrary should have appeared."

The plaintiff's objection to this instruction was that the court was dealing with the case as though no children were involved in or around the scene. The instruction does not fit the facts surrounding the accident. Here we are dealing with a five-year-old child. The evidence shows that the circumstances surrounding the case were ample to put the driver on notice and on guard that children were present. The age of the child precludes contributory negligence.

The plaintiff offered Instructions P-7, P-8, and P-9, all of which generally deal with the operation of automobiles in relation to children of tender years. These instructions were refused by the court. The defendant concedes that the instructions are correct but contends that they do not apply here. With this we do not agree. One of them should have been given rather than substituting therefor Instruction P-2, suggested and given by the court.

Instruction P-9 correctly told the jury:

"The Court instructs the jury that if they believe from the evidence in this case that the defendant before the collision saw or should reasonably see children in or near Virginia Beach Boulevard ahead of him at or near the point of the accident, that, alone, was notice to him of the risk and danger of the situation and he had no right to assume that children of tender age would remain in a place of safety, but on the contrary was required, in the exercise of ordinary care, to anticipate that the children, or some of them, acting upon some childish impulse, heedless of danger and incapable of exercising precaution to be expected of adults, might, through their thoughtlessness, expose themselves in some way to danger of injury, and it was his duty in approaching and passing the children to increase his vigilance as he approached the said children and to exercise that degree of care that a person of ordinary prudence would have exercised under similar facts and circumstances to avoid danger of injury to them, and if he failed to do so that would be negligence for which the defendant would be responsible." *Harris* v. *Wright*, 172 Va. 67, 72, 200 S. E. 597.

The conduct of a child is not measured by the same rules which cover that of an adult. A child does not have the knowledge and

experience to know or estimate correctly the probable consequences of his act in given instances, therefore a driver must increase his exertions to avoid injury to children. Children of tender years are entitled to a degree of care from others in proportion to their inability to foresee and avoid the perils which they may encounter. The driver of an automobile cannot assume that a five-year-old infant will exercise proper care for its own protection. He is charged with knowledge of the fact that a child of that age may be expected to act upon childish impulses, especially under the circumstances and excitement shown by the facts in this case, and it was his duty to take such facts into consideration and to exercise such reasonable vigilance and precaution as the circumstances demanded. *Ratcliffe* v. *McDonald's Adm'r*, 123 Va. 781, 788, 97 S. E. 307; *Ball* v. *Witten*, 155 Va. 40, 41, 154 S. E. 547; *Price* v. *Burton*, 155 Va. 229, 238, 154 S. E. 499; *Williams* v. *Blue Bird Cab Co.*, 189 Va. 402, 407, 52 S. E. 2d 868, 870; *Boyd* v. *Brown*, 192 Va. 702, 709, 66 S. E. 2d 559, 563.

Under the facts of this case Instruction No. III was erroneous and should not have been given.

The second question posed by appellant is "whether the instructions as given usurped the fact finding province of a jury and incorrectly instructed as to the law." This question applies to Instruction No. III heretofore treated as well as other instructions. Instruction VI told the jury that if they believed from the evidence "that this child suddenly entered the street from behind any obstruction into the path of the Richardson car and so close to the Richardson car that the driver had no reasonable opportunity to avoid striking the child after seeing her, or by the exercise of reasonable care should have seen her, then your judgment should be for the defendant."

This instruction, given for the defendant over the objection of the plaintiff, assumed facts which did not exist. There was no evidence of any obstruction as contemplated by the instruction. It is a finding instruction and as such should fully cover all the facts and circumstances surrounding the case. The evidence is clear that the child left the telephone pole on the curb and diagonally crossed two lanes of the boulevard and was struck in the third lane. On the record, it was error to give Instruction No. VI.

The giving of Instruction No. VII on behalf of the defendant, over the objection of the plaintiff, was also error. This instruction told the jury that "in operating his automobile the defendant owed no higher or greater duty to the child than he owed to an adult until

he saw, or, by the exercise of reasonable care, should have apprehended that a child might run into the highway in front of an approaching automobile." The instruction is subject, in part, to the same objection as was directed to Instruction No. III. By its wording the jury could be misled into believing that a child and an adult must be judged by the same standards. For reasons heretofore pointed out, this is not so.

There was no error in the court's refusal to give Instruction P-6 which told the jury that "a person shall be guilty of reckless driving who shall exceed a reasonable speed under the circumstances existing at the time regardless of any posted speed limit." § 46.1-190(h), Code, 1950 (1958 Replacement Volume). There was no evidence upon which to base this instruction. The evidence does not disclose excessive speed. The crux of this case was the alleged failure of the driver to keep a proper lookout.

The third question posed by appellant is "whether a driver has a duty to keep right when traveling down a highway." This involves the court's refusal to give Instruction P-5 based on § 46.1-206, Code, 1950 (1958 Replacement Volume), which would have told the jury that it was the duty of a driver when driving on a highway which had been divided into clearly marked lanes for traffic, to drive in the lane nearest the right hand edge of the highway when such lane was available for travel. The evidence is undisputed that immediately before the accident there were cars parked in the extreme right lane and cars traveling in the center lane, which prevented Richardson from using either of these lanes. Further, there is no evidence in the record to show that Richardson's failure to use the extreme right lane or the center lane, if they had been available, was a proximate cause of the accident.

For the reasons stated the judgment is reversed and the case is remanded for a new trial in accordance with the views here expressed.

*Reversed and remanded.*