# David Thomas, et al.

### v.

# Christopher D. Settle, et al.

Record No. 930040

January 7, 1994

Present: All the Justices

*Robert T. Hall (Holly Parkhurst Lear; E. Kendall Stock; Bernard S. Cohen; Hall, Markle, Sickels & Fudala; Cohen, Dunn & Sinclair, on briefs), for appellants.*

*Thomas V. Monahan (Robert T. Mitchell, Jr.; Elizabeth E. Kellas; Hall, Monahan, Engle, Mahan & Mitchell, on brief), for appellees.*

JUSTICE COMPTON delivered the opinion of the Court.

In this wrongful death action arising from a motor vehicle collision, we consider whether the trial court erred in deciding as a matter of law the question of proximate cause and in granting and refusing certain instructions.

In April 1990, appellants David N. Thomas and Judith M. Thomas, administrators of the estate of their deceased son, Michael David Thomas, filed this action for damages under the death by wrongful act statute, Code § 8.01-50, against appellees Christopher D. Settle and Robert L. Betson, Sr., individually and trading as Bob Betson Enterprises. The plaintiffs alleged that the decedent died as the result of Settle's negligence in an accident occurring on State Route 7 in Loudoun County when the truck Settle was operating, in the course and scope of his employment with Betson, collided with an automobile operated by the decedent. The defendants denied that Settle was negligent and alleged that the decedent was guilty of contributory negligence.

In April 1992, following a four-day trial, a jury found in favor of the plaintiffs against both defendants and awarded damages of $670,000, distributing the sum to the decedent's parents, a sister, and two half-sisters. Subsequently, the defendants filed a "Motion for Judgment Notwithstanding The Verdict," which the trial court sustained in a July 1992 letter opinion.* We awarded the plaintiffs this appeal from the October 1992 order entering judgment in favor of the defendants. The appeal also was awarded upon the defendants' assignment of cross-error.

---

\* For the appropriate use in Virginia practice of a motion for judgment notwithstanding the verdict, as opposed to a motion to set aside the verdict, see *Burks Pleading and Practice* §§ 325 and 328 (4th ed. 1952).

■ Even though the trial court has disapproved the verdict of the jury, under established rules of appellate procedure we must consider the evidence in a light most favorable to the plaintiffs, drawing from the evidence all reasonable inferences. *Neighbors* v. *Moore,* 216 Va. 514, 515, 219 S.E.2d 692, 694 (1975).

The accident took place on August 30, 1989, a clear day, near 2:00 p.m. The decedent, who was 16 years of age and who had obtained his Virginia motor vehicle operator's license about four months earlier, was driving his sister's small, blue Ford Escort automobile in a residential subdivision near Route 7 when the car "stalled." The decedent commented to a passenger that "he ran out of gas." According to the passenger, the decedent "tried once or twice to get the car started again and got it started again," and drove a short distance farther in the subdivision. He then decided to drive the vehicle to a nearby gasoline station. He drove alone north in the subdivision for approximately one to one and one-half miles and entered Route 7 to proceed west to the service station about .7 miles away. The accident occurred about 427 feet from the point where the decedent entered Route 7.

At the scene, Route 7 was a four-lane highway with two westbound and two eastbound lanes separated by a wide grassy median area. The hard-surfaced roadway was dry, straight, and level with the two westbound lanes separated by a broken white line. Visibility was good and traffic near the scene was "normal" and "fairly constant." The speed limit was 55 miles per hour.

At the time of the accident, defendant Settle was driving an unloaded Mack dump truck westbound on Route 7. Called as an adverse witness by the plaintiffs, Settle, who was 28 years of age and who had ten years' truck-driving experience, gave the following description of the incident. He was travelling in the right-hand lane approaching the scene at 50-55 miles per hour. He moved his truck to the left-hand lane to pass a "sludge" truck travelling westbound in the right lane at 40-45 miles per hour. At the time, the decedent was operating the blue car, some distance ahead, slowly westbound in the left lane.

As Settle moved to the left lane, nothing obstructed his view ahead in that lane. He had the car "constantly in view" throughout the ensuing "passing maneuver."

As Settle began the passing maneuver, the blue car seemed to him to be moving. As he reached a point abreast of the sludge truck, he "noticed" the car was slowing when his truck was "between a truck length and a truck length and a half behind the car." No lights on the car were "lit or blinking" and no hand signal was being given by the

driver. Settle then "stomped" on the brakes, striking the car in its full rear with the front of the truck when the car was still on the highway in the left lane.

The truck's rear tires left approximately 74 feet of skid marks before the point of impact. The truck came to rest in the median area while the car, totally demolished, came to rest in the highway. Upon examination of the car's gas tank following the accident, it contained only "a tablespoon full of gas."

Several eyewitnesses to the accident testified about a "green" truck that was travelling in the westbound, left-hand lane just ahead of the defendants' truck. Those witnesses said that, as the green truck approached the slowly moving blue car from the rear, the green truck suddenly veered to the right-hand lane to pass the car and that the defendants' truck, still closely following in the left lane, instantly collided with the blue car. Settle denied seeing a green truck.

Eyewitnesses also testified that, immediately before the collision, the decedent was "looking down" from his position in the car's driver's seat "as though he was looking at something in the car." There was testimony that, depending upon the driver's actual position behind the steering wheel of the Escort automobile, the switch activating the hazard lights would be difficult for the driver to locate because obscured by the steering wheel.

Eyewitnesses described the movement of the decedent's car immediately before the impact as: "moving real slow," "going so slow . . . the wheels were barely turning," it "didn't appear as though he was moving at all," and it "was not stopped."

At the close of the plaintiffs' case-in-chief, and again at the close of all the evidence, the defendants moved the court to strike the plaintiffs' evidence on the ground that the decedent was guilty of contributory negligence as a matter of law. The trial court overruled both motions. The plaintiffs did not move to strike the defendants' evidence on the issue of liability. Thus, the trial court submitted the case to the jury with instructions on the issues of both drivers' negligence as well as proximate cause.

In granting the defendants' "Motion for Judgment Notwithstanding The Verdict," the trial court ruled as a matter of law that the decedent was guilty of negligence and that such negligence was a proximate cause of the accident and his death. The court reasoned that the decedent was negligent *per se* for violating the statute prohibiting a vehicle from being stopped in such a manner as to impede or render dangerous the use of a highway. On appeal, the plaintiffs contend this was error and ask for reinstatement of the verdict.

■ Because of the view we take of the case, we do not need to decide at this point in the opinion whether the decedent was negligent as a matter of law for driving the vehicle on Route 7 knowing the gas tank was empty, or nearly so; thus, for purposes of this discussion, we will assume, but not decide, that the decedent was so negligent. We hold, however, that the trial court erred in concluding that the decedent's negligence, if any, was a proximate cause of the accident as a matter of law; that question presented a classic jury issue under the facts of this case.

■ The proximate cause of an event is that act or omission which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the event, and without which the event would not have occurred. *Beale* v. *Jones,* 210 Va. 519, 522, 171 S.E.2d 851, 853 (1970). Even though a plaintiff's violation of a statute regulating traffic ordinarily constitutes negligence, such negligence will not as a matter of law prevent recovery unless the violation was a proximate or concurring cause that contributed directly to the accident. *Karim* v. *Grover,* 235 Va. 550, 553-54, 369 S.E.2d 185, 187 (1988). And, when the negligence of a defendant is the proximate cause of the accident and that of a plaintiff the remote cause, the plaintiff may recover notwithstanding the plaintiff's negligence. "The court regards the immediate or proximate cause which directly produces the injury, not the remote cause which may have antecedently contributed to it." *Kinsey* v. *Brugh,* 157 Va. 407, 412, 161 S.E. 41, 42 (1931).

■ When a plaintiff is guilty of negligence *per se* for violation of a statute regulating traffic, the question whether such negligence is a proximate or efficiently contributing cause of an accident is usually a question of fact for a jury to determine. Only if reasonable persons may not differ in their conclusions that such negligence was such a cause may a trial court properly decide the question as a matter of law. *Smith* v. *New Dixie Lines, Inc.,* 201 Va. 466, 470, 111 S.E.2d 434, 437 (1959).

■ We will assume for the moment that the trial court correctly ruled that the decedent was negligent *per se* for violating the "stopping on the highway" statute when all the evidence showed that the decedent's car was moving slowly and was not stopped. Nevertheless, a question for the jury was presented whether that negligence was a remote or proximate cause of the accident.

■ Under this evidence, it was for the jury to say whether the decedent's negligence was a remote cause of the accident with Settle's negligence being the proximate cause. The jury reasonably could have

decided that, because Settle had a clear view of decedent's slowly moving vehicle for some distance as he approached it in the left lane, he should have realized that the car was nearly stopped at a point in time soon enough to have avoided the accident in the exercise of reasonable care, and that such negligence was the proximate cause of the collision.

The ruling we have made on the foregoing issue would entitle the plaintiffs to a final judgment on appeal reinstating the verdict if the trial court had correctly instructed the jury. Such is not the case, however.

In Instruction 15, the court told the jury that the standard by which the decedent's conduct was to be measured was "that of a reasonable person of like age, intelligence, and experience. His responsibility is to be measured according to his maturity and capacity and determined by the circumstances in this case." In the course of ruling on the post-trial motion, the trial judge decided that he erred in granting Instruction 15. We agree.

This Court has not ruled specifically on the standard of care to be applied to a minor while operating a motor vehicle on the highway. We now hold that the age of a vehicle driver will not alter the standard of care to be exercised by such driver. In other words, reasonable care is not to be measured by the driver's age or ability. Rather, minors and adults alike should have their conduct judged according to the degree of care that a reasonably prudent person would exercise under the same or similar circumstances.

Two factors employed by courts of other jurisdictions persuade us that a minor is to be held to the same standard of care as an adult when operating a motor vehicle. *See generally* W.C. Crais, III, Annotation, *Age of Minor Operator of Automobile or Other Motor-Powered Vehicle or Craft as Affecting His Primary or Contributory Negligence,* 97 A.L.R.2d 872 (1964). First, motor vehicles, readily available to youthful operators, are at least as potentially dangerous instrumentalities in the hands of an inexperienced minor as they are when operated by an adult. Second, licensed drivers should be expected to conduct themselves with the same degree of care and skill, without regard to age or maturity.

The plaintiffs, in urging that Instruction 15 is a correct statement of the law, rely on four Virginia cases. But those cases, as the defendants point out, all involved a minor who was not engaged in an adult activity.

In *Vought* v. *Jones,* 205 Va. 719, 139 S.E.2d 810 (1965), a five-year-old child was injured while running across a street near an ice

cream truck. In *Wright* v. *Kelly,* 203 Va. 135, 122 S.E.2d 670 (1961), an infant 17 months of age was killed when defendant backed his truck over the child in a driveway. In *Baker v. Richardson,* 201 Va. 834, 114 S.E.2d 599 (1960), a five-year-old child was killed while running across a street. And, in *Harris* v. *Wright,* 172 Va. 67, 200 S.E. 597 (1939), a seven-year-old child was killed when a car struck a toy wagon that the decedent was occupying.

Therefore, in the present case, because the decedent was eligible for licensure, and was in fact a licensed operator, driving a motor vehicle on the highway, the jury should have judged him by adult standards. Under the erroneous instruction, the jury very likely may have decided that, based on the lesser standard, the decedent was not guilty of contributory negligence. That error was harmful, not harmless, and requires a remand of the case for a new trial.

There are two additional issues debated on appeal that may arise upon retrial. In Instruction 16, the trial court told the jury that a driver is negligent who permits "his vehicle to stop or move slowly so as to impede traffic on the highway or so as to make the highway dangerous to others who are using it, except in the case of an emergency as the result of an accident or mechanical breakdown." In ruling on the post-trial motion, the trial judge decided that he erred in including the emergency "exception" in that instruction.

The trial court based the instruction solely on former Code § 46.1-248(a) (now in substance § 46.2-888), effective at the time of this accident. As pertinent, the statute provided: "No vehicle shall be stopped in such manner as to impede or render dangerous the use of the highway by others, except in the case of an emergency as the result of an accident or mechanical breakdown . . . ." We agree with the trial court that it erred by including reference to an "emergency" in Instruction 16. The evidence did not establish there was an "emergency as the result of an accident or mechanical. breakdown." No "mechanical breakdown" occurs, within the meaning of the statute, when a driver's car is rendered inoperable due to having consumed all its fuel at a time when the driver knew, or should have known, that the supply of fuel has been, or is about to be, exhausted.

But there is another vice in Instruction 16 if, as the trial court concluded, it was dictated solely by the terms of the foregoing statute. That statute deals with a vehicle that is "stopped," not moving slowly. As we have said, the evidence showed that the blue car was not stopped prior to impact; it was in motion up to the moment of the collision.

■ Therefore, upon retrial, Instruction 16 should not be given in the present form. We caution, however, that former Code § 46.1-193(2)(a) (now § 46.2-877), also effective at the time of this accident, provided: "No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law." Thus, it may be appropriate depending on the evidence upon retrial to fashion an instruction dealing with either or both of the statutory duties relating to stopping and slowing on a highway. *See Saunders v. Bulluck*, 208 Va. 551, 558, 159 S.E.2d 820, 826-27 (1968).

Another issue that may arise upon retrial deals with the trial court's refusal to give Instruction H, proffered by the defendants. In ruling on the post-trial motion, the trial judge stated that he erred in refusing that instruction.

Instruction H would have told the jury that a driver whose vehicle is "stopped or stopping on a roadway in such a manner as to obstruct the highway has a duty to turn on the emergency flashing lights of his vehicle." Former Code § 46.1-248(a), *supra,* provided that if a vehicle is "stopped," in the manner specified in the statute, "the emergency flashing lights of such vehicle shall be turned on if the vehicle is equipped with such lights and such lights are operating. . . ." The plaintiffs argue that the instruction was properly refused because there "was evidence that the vehicle was equipped with such lights, but no evidence [was] offered that they were operable."

■ This argument overlooks the proposition that there is a rebuttable presumption that equipment installed on a motor vehicle is operable. *Millard v. Cohen,* 187 Va. 44, 49, 46 S.E.2d 2, 4 (1948) (in absence of contrary evidence, the conclusive presumption is that vehicle's lights were burning and brakes were in good mechanical condition). Thus, if there is testimony upon retrial that the car was stopped and that the emergency lights were not flashing, the burden of going forward with the evidence on the contributory negligence issue will be upon the plaintiffs to show that the lights were inoperable, and an instruction on the subject should be given.

Finally, we find no merit in the defendants' assignment of cross-error. In his post-trial ruling, the trial judge stated that "Michael's running out of gas under the circumstances," that is, his "violation of a common law duty" was a jury question; the judge noted he had found that plaintiff was negligent *per se* for violating the stopping statute.

On appeal, urging affirmance of the judgment below, the defendants contend that the decedent violated common law duties as a

matter of law "when, knowing that his vehicle had previously stopped for lack of gasoline, he nevertheless left the less traveled highway for a heavily travelled highway where the speed limit was 55 m.p.h., failed to turn on his flashers, ran out of gas on Route 7 obstructing the left, passing lane, and while he had momentum failed to go into the median."

Earlier in this opinion, we reserved ruling on the question of the decedent's negligence as a matter of law. The cross-error brings us to that issue. We hold that whether the alleged negligent acts of the decedent were predicated upon violation of a statute or of common law duties, the result is the same. Under this evidence, the question of the decedent's negligence was for the jury.

Consequently, we will reverse the judgment in favor of the defendants because the trial court erroneously decided the proximate cause issue as a matter of law. We will remand the case for a new trial because the court erred, as it recognized post-verdict, by instructing the jury on the minor driver's reduced standard of care.

The new trial will be upon all issues, that is, negligence of both drivers, proximate cause, and damages. As we have noted, the plaintiffs did not move at trial to strike the defendants' evidence on the question of primary negligence and proximate cause. And, of course, the plaintiffs do not raise this issue on appeal. Thus, even if we were inclined to do so, we cannot properly rule on appeal that such issues should have been decided as a matter of law or that defendants are now denied the right to submit those issues to another jury upon retrial.

*Reversed and remanded.*