Present:  All the Justices

GINA CHIN & ASSOCIATES, INC.

v.  Record No. 971463    OPINION BY JUSTICE ELIZABETH B. LACY
                                        June 5, 1998
FIRST UNION BANK

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N.A. Kendrick, Judge

Gina Chin & Associates, Inc. (Chin) filed a motion for judgment against First Union Bank alleging that First Union was negligent when it accepted checks drawn on Chin's accounts bearing both forged signatures of the drawer and forged indorsements of the payees.  The trial court sustained First Union's demurrer and entered summary judgment.  We awarded Chin an appeal, and we will reverse the judgment of the trial court because we conclude that Chin's motion for judgment pled a cause of action pursuant to §§ 8.3A-404 and -405 of the Uniform Commercial Code, Code §§ 8.1-101 through 8.11-108 (the UCC).

In reviewing a case decided on a demurrer, we accept as true the facts alleged in the motion for judgment and all reasonable inferences to be drawn therefrom.  Adkins v. Dixon, 253 Va. 275, 277, 482 S.E.2d 797, 799 (1997).  Chin, a food wholesaler, maintained checking accounts at Signet Bank and Citizens Bank of Washington, D.C. (the drawee banks).  During 1994 and 1995, an employee of Chin, Amie Cheryl Lehman, forged

the signature of one of Chin's officers on a number of checks that were payable to Chin's suppliers. Lehman then forged the payees' indorsements and, with the assistance of a First Union teller, deposited the checks in an account which she held at First Union. The drawee banks then paid the checks and debited a total amount of $270,488.72 from Chin's accounts.

First Union asserts that, under the UCC, it is amenable to suit only by the drawee banks based on a breach of warranty of title theory. § 8.4-207.1.[1] Chin's sole cause of action, according to First Union, is against the drawee banks for improperly charging Chin's accounts for the amount of the forged checks. See §§ 8.4-401, -406. Under First Union's interpretation of §§ 8.3A-404 and -405, Chin does not have a cause of action against it pursuant to those sections because they only apply to instances involving a forged indorsement of the payee and not to the circumstances where both the payee's indorsement and the signature of the drawer were forged.

While First Union correctly states that the UCC provides a drawer with a cause of action against a drawee bank that charges a drawer's account based on checks containing a forged signature of the drawer, its conclusion that §§ 8.3A-404 and -

---

[1] First Union also argued on brief and in oral argument that Chin cannot maintain a cause of action against it for conversion. First Union is correct, see § 8.3A-420; however,

2

405 cannot be utilized by a drawer against the depositary bank in a double forgery situation is erroneous.

Sections 8.3A-404 and -405 were part of the 1992 revisions to the UCC. Revised § 8.3A-404(b) provides that where the payee on a check is fictitious or not the person intended to have an interest in the check by the person determining to whom the check is payable, a forged payee's indorsement on the check is nevertheless effective for one who takes the check in good faith.[2] Similarly, where an employee vested with the responsibility for processing, signing, or indorsing the employer's check makes a fraudulent indorsement of such check, revised § 8.3A-405 continues the prior provision's rule that the indorsement is effective if taken or paid in good faith. However, both revised sections provide that if the person taking the check fails to exercise ordinary care, "the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss." §§ 8.3A-404(d), -405(b).

The revisions to §§ 8.3A-404 and -405 changed the previous law by allowing "the person bearing the loss" to seek

Chin is not asserting a cause of action for conversion in this appeal.

recovery for a loss caused by the negligence of any person paying the instrument or taking it for value based on comparative negligence principles.  The concept of comparative negligence introduced in the revised sections reflects a determination that all participants in the process have a duty to exercise ordinary care in the drawing and handling of instruments and that the failure to exercise that duty will result in liability to the person sustaining the loss.  Nothing in the statutory language indicates that, where the signature of the drawer is forged, the drawer cannot qualify as a "person bearing the loss" or that the drawer is otherwise precluded from seeking recovery from a depository bank under these sections.  In the absence of any specific exclusion, we conclude that the sections are applicable in double forgery situations.

This conclusion is consistent with Comment 2 of the Official Comments to § 8.3A-404, which states that subsection (b) "also applies to forged check cases."  Another commentary also concludes that § 8.3A-404 applies to double forgery situations.  Remarking that under the previous law, double forgery cases were treated solely as forged drawer's signature cases, allowing the depository bank to avoid liability, the

---

[2] The person whose intent determines to whom an instrument is payable includes a person who forges the drawer's

commentary concludes that the result under the revised section

"differs sharply."

> In fictitious payee double forgeries under the
> Revision, some of the ultimate loss will end up on
> the shoulders of the company that hired the
> dishonest bookkeeper and failed to supervise the
> miscreant.  The rest will be shouldered by the
> depositary bank for [its] negligence . . . .

Barkley Clark & Barbara Clark, The Law of Bank Deposits,

Collections and Credit Cards ¶ 12.07[3][b] (rev. ed. 1995).

Accordingly, we hold that Chin was not precluded from

asserting a cause of action against First Union pursuant to

§§ 8.3A-404 or -405.  In light of this conclusion, we next

examine Chin's motion for judgment to determine whether it is

sufficient to state a cause of action under these sections.

Chin seeks recovery for a loss sustained as a result of

the negligent actions of First Union.  Chin alleged that its

employee, Lehman, forged both its signature and the

indorsement of the payees on a number of checks and, with the

cooperation of an employee of First Union, deposited the

checks into Lehman's account at First Union.  The motion for

judgment specifically alleged that the acceptance of the

forged checks by First Union for payment "was negligent and

was in contravention of established banking customs and

standards" and "was due to the negligent failure of First

---

signature.  See § 8.3A-110(a).

Union Bank to supervise its employee."  The pleading further asserts that this negligence caused Chin to suffer a loss of over $270,000.

These allegations are sufficient to state a cause of action against First Union pursuant to §§ 8.3A-404 and -405. Accordingly, the trial court erred in sustaining First Union's demurrer.  The judgment of the trial court is reversed and the case is remanded for further proceedings.

<u>Reversed and remanded.</u>