## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Helen J. Siver

v.

Wachovia Bank, N.A.

April 21, 1999

Case No. 98-238

By Judge Edward L. Hogshire

In this action for damages and declaratory relief, the Defendant bank has filed demurrers to several of the counts. After reviewing the parties' submissions and listening to oral argument, the Court is prepared to rule on the demurrers.

*Facts*

For the purposes of a demurrer, the Court accepts the Plaintiff's version of the facts as true. Plaintiff Helen Siver and her son David Siver opened a joint checking and a joint savings account with survivorship rights at the predecessor of Wachovia Bank (hereinafter reference to either bank shall be "Wachovia"). *Motion for Judgment,* ¶¶ 4-6. After establishing the accounts, Wachovia permitted a third party, Elizabeth Clark, to join the account. A Signature/Ownership Card authorizing Clark's addition to the account purports to bear Plaintiff's signature, but Plaintiff avers that the signature is forged. *Motion for Judgment,* ¶¶ 10-11. Plaintiff's son died on April 20, 1998, at which time Plaintiff believed that she became the sole owner of the account. Nevertheless, even after Plaintiff notified Wachovia of her son's death, Wachovia continued to permit Clark to access the account and withdraw funds.

■

*Motion for Judgment*, ¶¶ 13-14. Plaintiff claims damages of at least $19,000.00.

### *Question Presented*

Does Plaintiff state any claims upon which relief may be granted?

### *Discussion of Authorities*

### I. *Motion to Strike*

As a threshold matter, the Court must consider Plaintiff's motion to strike Defendant's demurrers. Plaintiff contends that because Defendant did not timely file its demurrer and because Defendant has already filed its grounds for defense, then the present demurrer is improperly before the Court. *See* Rule 3:5. Plaintiff, however, acknowledges that a Defendant may simultaneously file both a demurrer and responsive pleadings. *See Matthews v. Jenkins*, 80 Va. 463 (1884). Although Plaintiff asserts otherwise, that is precisely what the Defendant did in this situation. Within the twenty-one day window permitted under the Rules, Defendant filed its Grounds of Defense. Throughout this pleading, Wachovia makes numerous demurrers. *See, e.g., Grounds of Defense*, ¶¶ 1-2, 5. The Court will not strike the Defendant's demurrer simply because it did not include a separate sheet of paper with the heading "Demurrer" at the top. The Rules do not call for such strict formalism. Therefore, the Court denies the Plaintiff's motion to strike and turns to the merits of the demurrer.

### II. *The Merits*

Defendant presents three theories for why the demurrer should be sustained. First, it claims that the U.C.C. has preempted the Plaintiff's common law causes of action and that the U.C.C. provides no remedy for this situation. Second, it contends that Wachovia is discharged from liability under certain provisions of the Virginia Code. Finally, Defendant argues that Plaintiff cannot pursue a breach of contract theory.

## A. *Defensive Claims*

The last two of Defendant's claims can be easily dismissed because they each seek to present affirmative defenses. In other words, these allegations are not truly demurrers because they do not challenge the legal sufficiency of the Plaintiff's allegations. A demurrer "only tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action." *Fun v. Virginia Military Inst.*, 245 Va. 249, 252 (1993). It is reversible error for a trial court to accept the defendant's view of the facts and resolve the claim on the merits at this stage of the litigation. *Id.* at 253. Accordingly, the Court overrules the last two grounds of the demurrer.

## B. *Preemption*

The first claim based on U.C.C. preemption is properly-styled as a demurrer, and the Court thus turns to its merits. Defendant first contends that all of the common law counts raised by the Plaintiff (negligence, breach of fiduciary duty, and breach of contract) are preempted by the U.C.C. Then it claims that the alleged facts do not give rise to a cause of action under the U.C.C. standards.

The starting point in the analysis is Va. Code § 8.1-103, which provides:

> Unless displaced by the particular provisions of this act, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions.

Because the U.C.C. cannot codify all aspects of commercial law, the legislature has determined that the common law should supplement it when necessary. The Court must therefore determine whether claims for negligence, breach of fiduciary duty, and breach of contract are "displaced by the particular provisions of this act."

### 1. *Negligence and Breach of Contract*

The relevant parts of Virginia's version of the Code are Titles 8.3A, Negotiable Instruments, and 8.4, Bank Deposits and Collections. The Supreme Court recently found a negligence action against a bank for accepting forged

checks was preempted by § 8.3A-404 and § 8.3A-405. *Gina Chin & Assoc. v. First Union Bank,* 256 Va. 59 (1998). Those sections deal with liability of parties for negotiable instruments. The Supreme Court held that those sections are based on negligence principles:

> The revisions to §§ 8.3A-404 and -405 changed the previous law by allowing "the person bearing the loss" to seek recovery for a loss caused by the negligence of any person paying the instrument or taking it for value based on comparative negligence principles. The concept of comparative negligence introduced in the revised sections reflects a determination that all participants in the process have a duty to exercise ordinary care in the drawing and handling of instruments and that the failure to exercise that duty will result in liability to the person sustaining the loss.

*Id.* at 62. The Court concluded that the plaintiff's negligence action adequately alleged a cause of action under these sections. *Id.* at 63.

Another possible section from the same title that could apply is § 8.3A-420, which governs "Conversion of an Instrument." The section provides: "An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." Va. Code § 8.3A-420(a). Defendant has cited authority where negligence claims were preempted by this conversion section. *See Equitable Life Assurance Soc. v. Okey,* 812 F.2d 906 (4th Cir. 1987) (applying South Carolina's analogous section).

Under Title 8.4, Part 4 covers the "Relationship between Payor Bank and its Customer." The first sub-section of that section describes when a bank may charge a customer's account, and it states that a bank may do so for "an item that is properly payable." Va. Code § 8.4-401(a). "An item is properly payable if it is authorized by the customer and is in accordance with any agreement between the customer and the bank." *Id.* Va. Code § 8.4-406 imposes on the customer a duty to discover and report unauthorized signatures or alterations, but even if the customer failed in his duty, if he:

> proves that the bank failed to exercise ordinary care in paying the item and that the failure substantially contributed to loss, the loss is allocated between the customer precluded and the bank asserting the preclusion according to the extent to which the failure of the customer

to comply with subsection (c) and the failure of the bank to exercise ordinary care contributed to the loss.

Va. Code § 8.4-406(e). The Virginia comment to this provision stresses: "Earlier Virginia case law established that the bank must itself be free from negligence in making an unauthorized payment in order to be relieved from liability," and it observes that the U.C.C. is in accord with this rule.

The Court concludes that Titles 8.3A and 8.4 preempt the Plaintiff's negligence and breach of contract claims. Both claims are similar in their allegations about Wachovia's wrongful conduct. Since the Court finds preemption, it will sustain the Defendant's demurrer.

### 2. Breach of Fiduciary Duty

The Court finds no evidence that a breach of fiduciary duty claim is preempted by the U.C.C. In fact, Defendant even cites common law cases to support its contention that there is no fiduciary duty between a bank and its customers. Furthermore, relying on *Deal's Adm'r v. Merchants & Mechanics Sav. Bank*, 120 Va. 297 (1917), Defendant argues that Wachovia had no fiduciary relationship to the Plaintiff. In *Deal*, the Court plainly held, "The relation between a bank and a depositor is that of debtor and creditor. The deposit creates an ordinary debt, not a privilege or right of a fiduciary character." *Id.* at 299. Although this case is quite dated, the Plaintiff has not pointed out, nor could the Court locate, any evidence that the Supreme Court has retreated from this rule or that the legislature has altered it through the U.C.C. Therefore, the Court sustains Defendant's demurrer on the fiduciary duty claim.

### Conclusion

For the above-stated reasons, the Court sustains the Defendant's demurrer to the negligence, breach of contract, and breach of fiduciary duty claims. Plaintiff, however, is granted leave to amend her Motion for Judgment to assert any claims she believes are viable under the U.C.C.