Present: Compton,[1] Lacy, Hassell, Keenan, Koontz,and Kinser,
JJ., and Poff, Senior Justice

TERESA F. ROBINSON,
ADMINISTRATOR, ETC.

v.  Record No. 990778   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                                March 3, 2000
MATT MARY MORAN, INC., ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge


In this appeal, we consider whether the trial court erred
in sustaining a demurrer to a wrongful death action, which
asserted theories of common law negligence and negligence per se
against a restaurant and its bartender who allegedly served
alcoholic beverages to two intoxicated persons under the age of
21.  After leaving the restaurant, one of those intoxicated
persons drove a motor vehicle that was involved in an accident
in which her passenger, the plaintiff's decedent, was killed.

Teresa F. Robinson, administrator of the estate of her
daughter, Nicole Leigh Breckenridge, filed a motion for judgment
against Matt Mary Moran, Inc. d/b/a Fox River Cafe and Comedy
Club (the Club) and Paul J. Schmidt, a bartender at the Club
(collectively, Fox River), and others.  Counts V and VIII of the
motion for judgment are at issue in this appeal.  In Count V,

---

[1]Justice Compton participated in the hearing and decision of
this case prior to the effective date of his retirement on
February 2, 2000.

Robinson alleged that Fox River was negligent in serving alcoholic beverages to two underage patrons.  In Count VIII, Robinson alleged negligence per se based on Fox River's violation of statutory and regulatory provisions prohibiting the sale of alcoholic beverages to intoxicated persons and any sale of such beverages to persons under 21 years of age.[2]

Since the trial court decided this case on demurrer, we will consider as true all material facts alleged in the motion for judgment, all facts impliedly alleged, and all reasonable inferences that may be drawn from the alleged facts.  Gina Chin & Assoc. v. First Union Bank, 256 Va. 59, 61, 500 S.E.2d 516, 517 (1998); Norris v. Mitchell, 255 Va. 235, 237, 495 S.E.2d 809, 810 (1998).  Robinson alleged in the motion for judgment that in the late evening of November 12, 1997, 21-year-old Nicole Leigh Breckenridge and several friends, including Nicole C. Johnson and Jason B. Johnson (the Johnsons), consumed alcoholic beverages at the Club.  During a period of about three hours, Schmidt and other Club employees served Breckenridge and the Johnsons "a significant amount" of alcoholic beverages.  At that time, Jason Johnson was 20 years old and Nicole Johnson was 19 years old.

---

[2]Robinson asserted additional counts against Fox River alleging "willful, wanton and intentional conduct," premises liability, and nuisance.  The trial court sustained Fox River's

2

The Johnsons were employed at a restaurant known as The Tobacco Company, which was located next to the Club. The owner and the general manager of The Tobacco Company, in an effort to prevent underage employees from consuming alcoholic beverages at the Club, had provided the Club's management with a list of the names and birth dates of such employees. The Johnsons' names and birth dates were included on this list.

About 2 a.m. on November 13, 1997, Schmidt and other Club employees directed Breckenridge and the Johnsons to leave the Club premises, despite the fact that they were all obviously intoxicated. Breckenridge entered a vehicle driven by Nicole Johnson, while Jason Johnson began driving another vehicle. The Johnsons, operating separate vehicles, engaged in a race while heading west on Main Street in Richmond. They raced for several blocks, passing through about 13 intersections controlled by traffic lights. Nicole Johnson lost control of her vehicle, which struck a tree.

Breckenridge died from the injuries she sustained in the collision. Blood alcohol testing conducted after the accident revealed that Nicole Johnson's blood alcohol content was 0.24% by weight by volume, Jason Johnson's blood alcohol content was

demurrer to those counts, and Robinson does not challenge those rulings in this appeal.

0.13% by weight by volume, and Breckenridge's blood alcohol content was 0.25% by weight by volume.

In Count V of her motion for judgment, Robinson alleged that Fox River was negligent in serving alcoholic beverages to the Johnsons when it knew or should have known that they were under 21 years of age and were intoxicated. Robinson also alleged that Fox River knew or should have known that the Johnsons intended to operate motor vehicles and to transport passengers after departing the Club. She alleged that Breckenridge's death was a direct and proximate result of Fox River's acts.

In Count VIII, Robinson alleged that Fox River violated several statutory and regulatory provisions that prohibit the sale of alcoholic beverages to persons under the age of 21 and to persons who are intoxicated. She alleged, among other things, that these provisions were enacted to prevent persons under the age of 21 from driving after consuming alcoholic beverages and to protect all persons riding as passengers in motor vehicles operated by such drivers. Robinson asserted that Fox River's violation of these statutes and regulations was a proximate cause of Breckenridge's death.

Fox River filed a demurrer to Counts V and VIII, contending that the Commonwealth does not recognize a cause of action against a vendor of alcoholic beverages for injuries or death to

4

third parties caused by the intoxication of a person who consumed alcoholic beverages provided by that vendor. The trial court sustained the demurrer to Count V, based on our holding in Williamson v. The Old Brogue, Inc., 232 Va. 350, 350 S.E.2d 621 (1986). There, we held that a common law negligence action did not lie against a vendor who provided alcoholic beverages to a person who later drove an automobile and injured a third party. Id. at 354, 350 S.E.2d at 624.

Relying on Williamson, the trial court also sustained the demurrer to Robinson's claim of negligence per se in Count VIII. The court held that the facts alleged did not state a cause of action for negligence per se because the sale of alcoholic beverages to a person is not a proximate cause of that person's later acts. The trial court entered an order dismissing Counts V and VIII, and Robinson appealed from this judgment.

On appeal, Robinson argues that Williamson does not control the facts alleged in her motion for judgment because Williamson involved an intoxicated person over the age of 21 who was served alcoholic beverages and later caused injury to a third party. Robinson contends that Fox River's act of providing alcoholic beverages to the Johnsons violated a common law duty to refrain from serving alcoholic beverages to persons who are not "able-bodied." She contends that the Johnsons were not "able-bodied" because they were less than 21 years of age, and that Fox

5

River's act in providing them alcoholic beverages was a proximate cause of the motor vehicle accident.

Robinson also argues that she stated a valid claim of negligence per se based on her allegation that Fox River violated the statutes and regulations referenced in her motion for judgment. She contends that these provisions were enacted to protect the general public from the dangers created when persons under the age of 21 drive while intoxicated, and that Breckenridge was a member of the class of persons that these provisions were designed to protect. Robinson further asserts that Fox River's violation of the cited provisions was a proximate cause of Breckenridge's death. We disagree with Robinson's arguments.

We first conclude that Robinson failed to state a cause of action for wrongful death based on common law negligence. The common law of this Commonwealth, as expressed in Williamson v. The Old Brogue, Inc., establishes that a vendor of alcoholic beverages is not liable for injuries sustained by a third party that result from the intoxication of the vendor's patron. 232 Va. at 352-53, 350 S.E.2d at 623. We explained that "[t]he basis of the rule is that individuals, drunk or sober, are responsible for their own torts and that, apart from statute, drinking the intoxicant, not furnishing it, is the proximate cause of the injury." 232 Va. at 353, 350 S.E.2d at 623.

6

In stating this rule, we did not incorporate any principles relating to "able-bodied" persons, and we have not recognized this concept as part of the common law of this Commonwealth. In Williamson, we referred to the responsibility of "individuals" for the commission of their own torts and we did not qualify that word in the course of our analysis and holding. See id.

We decline to recognize an exception to the common law set forth in Williamson based on the distinction urged by Robinson. The responsibility of individuals for torts they commit does not change because they are 19 or 20 years of age, rather than 21 years of age. Moreover, the fact that they cannot legally purchase alcoholic beverages does not alter this responsibility, just as it does not alter the responsibility of intoxicated adults who cannot legally purchase such beverages because of their intoxication. See Code § 4.1-304.

The common law considers the act of selling alcoholic beverages as too remote to be a proximate cause of an injury to a third party resulting from the negligent conduct of the purchaser of the beverages. Williamson, 232 Va. at 353, 350 S.E.2d at 623. Thus, Robinson's pleading is insufficient as a matter of law because Fox River's act of furnishing alcohol to the Johnsons was not a proximate cause of Breckinridge's death. In the absence of proof of proximate causation, a defendant will not be held liable for the injury or death of another person

7

caused by his negligent acts.  See Farren v. Gilbert, 224 Va. 407, 412, 297 S.E.2d 668, 671 (1982); Roll 'R' Way Rinks, Inc. v. Smith, 218 Va. 321, 329, 237 S.E.2d 157, 162 (1977); S & C Co. v. Horne, 218 Va. 124, 128, 235 S.E.2d 456, 459 (1977). Therefore, we hold that the trial court did not err in sustaining Fox River's demurrer to Count V.

We emphasize, however, as we did in Williamson, that we are not insensitive to the societal problem illustrated by these types of cases.  See 232 Va. at 353, 350 S.E.2d at 624. Nevertheless, a decision to abrogate this longstanding common law principle is the proper function of the legislature, not of the courts.  The legislature provides a public forum for consideration of the competing social, economic, and policy issues that are raised by the prospect of abrogating this settled rule.  Id. at 354, 350 S.E.2d at 624.  The sheer number of issues that can be raised in a debate of this nature demonstrates the inadequacy of the judicial process to balance these competing concerns.  Thus, we decline to engage in such an exercise here.  Id.

We next consider Robinson's assertion of a cause of action based on negligence per se.  The requirements for establishing an action based on negligence per se are well settled.  First, a plaintiff must prove that the defendant violated a statute that was enacted for public safety.  Halterman v. Radisson Hotel

8

Corp., 259 Va. 171, ___, ___ S.E.2d ___, ___ (2000); MacCoy v. Colony House Builders, Inc., 239 Va. 64, 69, 387 S.E.2d 760, 763 (1990); Virginia Elec. and Power Co. v. Savoy Const. Co., 224 Va. 36, 45, 294 S.E.2d 811, 817 (1982).  Second, the plaintiff must establish that she belongs to the class of persons for whose benefit the statute was enacted.  Halterman, 259 Va. at ___, ___ S.E.2d at ___; Williamson, 232 Va. at 355, 350 S.E.2d at 624; Pearson v. Canada Contracting Co., 232 Va. 177, 186, 349 S.E.2d 106, 112 (1986).  Third, the plaintiff must prove that the statutory violation was a proximate cause of her injury.  Halterman, 259 Va. at ___, ___ S.E.2d at ___; Thomas v. Settle, 247 Va. 15, 20, 439 S.E.2d 360, 363 (1994); Hack v. Nester, 241 Va. 499, 503-04, 404 S.E.2d 42, 43 (1990).

Our holding in Williamson concerning proximate causation resolves this inquiry.  As stated above, under that holding, Fox River's act of providing alcoholic beverages to the Johnsons was not a proximate cause of Breckinridge's death.  See Williamson, 232 Va. at 353, 350 S.E.2d at 623.  Thus, Robinson failed as a matter of law to allege proximate causation, one of the three essential requirements for proving a claim of wrongful death based on negligence per se.  Accordingly, we conclude that the trial court did not err in sustaining Fox River's demurrer to Count VIII.

9

For these reasons, we will affirm the trial court's judgment.

<u>Affirmed</u>.