# CIRCUIT COURT OF FAIRFAX COUNTY

Olga L. Teape,
Administratrix
of the Estate of
Christopher A. Jativa

v.

Ana C. Ampuero
and Jose V. Ampuero

September 26, 2006

Case No. (Law) CL-2005-4755

BY JUDGE KATHLEEN H. MACKAY

     This matter came before the Court on Defendants' Demurrer. The issue was heard on Friday, August 25, 2006. At that time, I took Defendants' Demurrer under advisement. Since the hearing date I have had the opportunity to review the law, the briefs, and the record in light of the oral arguments, and I am now prepared to rule on the demurrer.

*Background*

     This case arises from Christopher Jativa's untimely death. Jativa died from injuries sustained in a car accident on December 21, 2003. At the time of the accident, Jativa was a passenger in a car driven by Mr. Jose Saaverda-Trevinos. Both Saaverda-Trevinos and Jativa were seventeen years-old at the time of the accident. Plaintiff alleges that Jativa and Saaverda-Trevinos had

been at social gathering at Defendants' house earlier in the evening. Despite the age of some of the guest, Defendants either made alcohol available or served it to the guests, including infants Saaverda-Trevinos and Jativa. After a disruption at the gathering, Defendants made Saaverda-Trevinos, Jativa, and other guests leave the property. Jativa left in a vehicle driven by Saaverda-Trevinos. At some point after leaving, Saaverda-Trevinos lost control of his vehicle resulting in a roll-over crash and Jativa's death.

*Analysis*

A demurrer tests the legal sufficiency of the claims stated in the pleading challenged. *Dray v. New Mkt. Poultry Prods.*, 258 Va. 187, 189, 518 S.E.2d 312 (1999). The sole question to be decided by the court is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against Defendant. *Thompson v. Skate America, Inc.*, 261 Va. 121, 128, 540 S.E.2d 123 (2001). The elements of an action in negligence are a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage to the plaintiff. *Blue Ridge Serv. Corp. v. Saxon Shoes, Inc.*, 271 Va. 206, 624 S.E.2d 55 (2006).

Plaintiff asserts 7 negligence claims: (Count 1) Negligent Failure to Exercise Ordinary Care for the Safety of Christopher Jativa; (Count 2) Negligent Failure to Assess Age of Drinking Social Guests; (Count 3) Third Party Negligence; (Count 4) Premises Liability; (Count 5) First Party Negligence *Per Se*, Contributing to the Delinquency of a Minor; (Count 6) Third Party Negligence *Per Se*, Contributing to the Delinquency of a Minor; and (Count 7) Negligence *Per Se*; Child Neglect.

The variety of negligence claims are unified by two common characteristics. First, each claim seeks damages incident to Jativa's injuries and death. Second, each claim fails to state a cause of action because Defendants' alleged actions, as a matter well settled law in Virginia, were not the proximate cause of Jativa's injuries and death.

The Virginia Supreme Court has repeated refused to judicially adopt social host liability. The law is clear, social guests are responsible for their own actions because "drinking the intoxicant, not furnishing it, is the proximate cause of the injury." *Williamson v. Old Brogue, Inc.*, 232 Va. 350, 353, 350 S.E.2d 621 (1986). In *Old Brogue*, the Court held that, "the act of selling the intoxicating beverage [w]as too remote to be a proximate cause of an injury resulting from the negligent conduct of the purchaser of the drink." *Id*. This ruling was upheld and extended to apply to a social host serving

alcohol to adults under the legal drinking age. *Robinson v. Matt Moran Inc.*, 259 Va. 412, 525 S.E.2d 559 (2000). The *Robinson* Court stated that, "[t]he responsibility of individuals for torts they commit does not change because they are 19 or 20 years of age, rather than 21 years of age." Whether "[t]he responsibility of individuals for torts they commit" changes because they are 17 rather than 18 years of age is a matter of first impression for this Court. *Id*. The essential question is this: Are the future injurious acts of seventeen year old drinkers more foreseeable and less remote than the future injurious acts of adult drinkers. And if so, are such acts so fundamentally and substantially more foreseeable and less remote as to overcome the rule that serving alcohol cannot, as a matter of law, be the proximate cause of the drinkers future injurious actions.

Virginia law assumes adults will act as a reasonably prudent person would. This presumption of reasonably prudent conduct is an essential component of the Court's rulings that serving alcohol is not the proximate cause of the drinker's future injurious actions. Infants above the age of 14, unlike adults, are held to a different standard of care. *Carson v. LeBlanc*, 245 Va. 135, 140, 427 S.E.2d 189 (1993). "The standard of care required of such a person is to exercise 'that degree of care expected of a child of like age, intelligence and experience under the same or similar circumstances'." *Id*. (quoting *Grant v. Mays*, 204 Va. 41, 45, 129 S.E.2d 10 (1963)). This variable standard of care is not necessarily a lower standard of care. Rather, a seventeen year-old will be held to the same standard as other seventeen-year-olds of similar "intelligence and experience." 245 Va. at 135. Thus, a finding that the future injurious acts of seventeen year-olds like Jativa are fundamentally more foreseeable and less remote, challenges *Old Brogue's* logical underpinning.

Infants engaged in adult activities, however, are held to the same standard of care as adults. Driving an automobile is an adult activity. *Thomas v. Settle*, 247 Va. 15, 21, 439 S.E.2d 360 (1994). Accordingly, "minors . . . conduct [should be] judged according to the degree of care that a reasonably prudent person would exercise under the same or similar circumstances." *Id*. Jativa's injuries and death were caused by Saaverda-Trevinos' conduct behind the wheel. As stated in *Thomas*, the law presumes that Saaverda-Trevinos would operate his vehicle with the reasonable prudence of an adult, despite his age. Accordingly, *Old Brogue's* holding, that serving alcohol is "too remote to be a proximate cause of an injury resulting from the negligent conduct of [the drinker]," is left undisturbed. 232 Va. at 353. Thus as a matter of settled law, social hosts who contribute to their guests inebriation cannot be held liable for injuries caused by the guests' intoxicated acts, driving included. Defendants provided alcohol to Saaverda-Trevinos, who operated his vehicle in manner

10

resulting in Jativa's injuries and death. This series of events places the questions of proximate cause and the Defendants' liable squarely under the reasoning of *Old Brogue* and its progeny.[1]

### Counts 1 and 3

Paragraphs 26 and 39 of Plaintiff's Amended Complaint allege that Defendants "knew or had reason to know that [Jativa and Saaverda-Trevinos] were intoxicated, and in such an intoxicated condition would lack the proper judgment and/or means to secure safe transportation. . . ." Amended Complaint at 5, 7. Conversely, the law presumes that social guests, even intoxicated guest, have the proper judgment to refrain from negligently injuring others. To the extent that guests do injure others, "individuals, drunk or sober, are responsible *for their own* torts." 232 Va. at 353 (emphasis added).

### Count 2 and 3

Plaintiff herein alleges that Defendants knew that guests would be leaving the premise by automobile after drinking alcohol, Amended Complaint at 31, and while intoxicated, Amended Complaint at 37, 28. The court can find no distinction between these allegations and those alleged in *Old Brogue*. The defendant there knew that the intoxicated guest would leave the premises and "operate a vehicle on the roads of the Commonwealth while so inebriated." *Id.* at 352. The instant case present no opportunity to deviate from settled law of social host nonliability.

### Count 4

Plaintiff allege that "as was foreseeable, Jose Saaverda-Trevinos would operate his vehicle in a negligent manner," injuring Jativa. Amended Complaint at 12. This conclusory assertion of proximate is not warranted by the facts and is inconsistent with Virginia tort law.

---

[1] The court recognizes that Virginia's jurisprudence differs from that of other states. Notably, in *Ely v. Murphy*, 207 Conn. 88, 94, 540 A.2d 54, 59 (1988), the Supreme Court of Connecticut interpreted Connecticut's alcohol statutes to preclude, as a matter of law, alcohol consumption from constituting an intervening cause sufficient to "break the chain of proximate causation." *Id.* Similarly, the Supreme Court of Washington has held that injuries caused by a minor's intoxicated traffic errors are "not so remote" from the act of selling alcohol to a different minor. *Crowe v. Gaston*, 134 Wash. 2d 509, 519, 951 P.2d 1118, 1122 (1998).

*Count 5, 6, and 7*

Each of these counts alleges a variation of negligence *per se*. Violation of a criminal statute can amount to negligence *per se*. For a statutory prohibition to create civil liability, the "statute must be one 'enacted for public safety,' and the injured party must belong to the class of persons for whose benefit the statute was enacted and the harm suffered was of the type against which the statute was designed to protect." *Schlimmer v. Poverty Hunt Club*, 268 Va. 74, 79, 597 S.E.2d 43 (2004). Even if Plaintiff could establish each of *Schlimmer's* three criteria, violation of a statute only "establishes a breach of duties created." Plaintiff's Response to Demurrer at 4. The statutory violation does not eliminate Plaintiff's duty to show proximate cause, pitting Plaintiff, once again, against the settled law of *Old Brogue*.

*Counts 1 through 7*

Plaintiff attempts to sidestep *Old Brogue* by asserting that Defendants owe either Jativa or Saaverda-Trevinos a variety of duties of care. Each count puts forth a slightly different duty. Among them are Defendants' duty to prevent an intoxicated guest from leaving, to prevent an intoxicated social guest from leaving with a minor child, to provide safe transportation for social guests, to ascertain the age of guests, to prevent a guest from leaving by automobile while intoxicated, to "provide any necessary care for a minor child's health," and to refrain from rendering a minor "in need of services." Amended Complaint at 5, 7, 9, 11-13, 15-18. Plaintiff asserts these numerous duties in an attempt to restrict *Old Brogue* and its progeny to their facts. Under the Plaintiff's reasoning, serving alcohol cannot legally be the proximate cause of Jativa's injuries, but failing to prevent an intoxicated guest from driving is. This reasoning is unconvincing because the common law rule precluding social host liability for the negligent acts of their guests is broad enough to encompass each duty Plaintiff alleges. Regardless of the alleged duty, when the facts show that a defendant provided alcohol to a social guest and that social guest later injured himself or another, there is no proximate cause.

*Conclusion*

For the forgoing reasons, the demurrer is sustained as to all counts.