# CIRCUIT COURT OF THE CITY OF RICHMOND

Fireman's Insurance Co.
of Washington, D.C., et al.

v.

Bayou Properties, L.L.C.

March 20, 2009

Case No. CL08-5001

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on a demurrer.

Defendant is a corporation which owns a commercial building on Broad Street in Richmond. Plaintiffs are a subrogee-insurer, its insured, and a tenant. On demurrer the Court accepts the allegations made as true for purposes of determining if they state a cause of action but not whether they properly state conclusions of law. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988).

Plaintiff's building is directly east and adjacent to defendant's building. Around noon on March 11, 2007, a fire likely started by third-party trespassers or vagrants occurred in defendant's vacant building. The fire damaged defendant's building and spread to plaintiff's, damaging it as well.

In the preceding month, defendant had been cited twice by the City of Richmond for violations of Section 105 of the Virginia Maintenance Code (VMC) as an unsafe structure. The VMC constitutes Part III of the Virginia Uniform Statewide Building Code. It has been adopted by the City of Richmond as Section 14-1 of the City Code. Section 105 requires that all "existing buildings and structures which are classified as unsafe or unfit for human occupancy . . . shall be made safe through compliance with this code or

shall be vacated and secured against public entry. . . ." Virginia Maintenance Code § 105 (2003). Plaintiffs allege that defendant's continuing violations of Section 105 allowed the third-party trespassers/vagrants access to defendant's building and that these circumstances led to the fire and resulting damage to its building for which defendant should be made liable.

The core issue is whether liability can attach to a defendant due to the acts of third parties over whom it exerted no control. The pleadings raise issues of liability on theories of negligence generally and negligence *per se*.

As to negligence generally, based on acts causing injury by third parties, the court has imposed liability upon a showing of a special relationship. See *Wright v. Webb*, 234 Va. 527, 530, 362 S.E.2d 919, 920-21 (1987). See also *Restatement (Second) of Torts* § 315. It is clear that, based on the allegations made here, there is no special relationship between this defendant and the third-party trespassers/vagrants who are said to have entered defendant's premises and set the fire. So, no liability can be placed on defendant on that basis.

As to negligence *per se*, there are other issues. A party relying on negligence *per se* must show that the defendant violated a statute enacted for public safety, that the proponent is among the class of persons the statute is aimed at protecting, that the harm is of the type the statute was designed to protect, and that the violation was the proximate cause of the injury. *McGuire v. Hodges*, 273 Va. 199, 639 S.E.2d 284 (2007). Here the thrust of plaintiffs' allegation is that defendant failed to secure its building against invaders who did just that, entered defendant's building due to lack of security. Then, as noted, such person or persons started a fire which spread to plaintiff's property. Questions of whether the statute was enacted for public safety, whether the injured person is one of the class the statute was designed to protect, and whether the injury suffered is of the type against which the statute protects are issues of law to be decided by the court. *VEPCO v. Savoy Constr. Co.*, 224 Va. 36, 294 S.E.2d 811 (1982).

The statute in question is aimed at covering just the harm that came about here. A requirement to keep property secure is reasonably aimed at insuring that only persons who own or who are authorized enter upon and have access to the property. These persons would have an interest in the property's integrity, as the policy is to deny access to those who do not share that interest. An owner's natural tendency is to protect his or her property, and the implications for public safety are obvious. All others who may venture to and upon any property due to lack of security in the least do not share that interest, and the General Assembly and the City have set regulations to avoid the potential for fire and police intervention founded on the government's

police power to provide for the public welfare. The protection the statute affords extends to adjoining property owners in the case of fire, members of the public whose safety the statute aims to protect. It is reasonable that, in enacting a law that requires property owners to prevent unauthorized persons access to property, that the Legislature saw a relationship between hazards committed by such non-interested persons and harm to others. Questions of whether the statute was violated and whether that violation was a proximate cause of the damages are factual issues to be resolved by the finder of fact, *Thomas v. Settle*, 247 Va. 15, 20, 439 S.E.2d 360, 363 (1994), which cannot be determined on demurrer.

Accordingly, for the foregoing reasons, the demurrer will be overruled.