## CIRCUIT COURT OF NELSON COUNTY

Patricia S. Small

v.

Neville D. Hanson
and Hanson Trucking, Inc.

May 31, 2000

Case No. CL00-14

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the demurrer of the defendants to the claim for punitive damages. I partially sustain the demurrer and I partially overrule the demurrer. The demurrer is sustained as to the amount of the punitive damages. The motion for judgment asserts a claim for $500,000.00 in punitive damages. The cap for punitive damages is set at $350,000.00 by § 8.01-38.1 of the Code of Virginia. Accordingly, the amount that can be claimed for punitive damages under the *ad damnum* of the motion for judgment is limited to $350,000.00.

I overrule the portion the demurrer that asserts that there is insufficient factual basis alleged in the motion for judgment for the award of punitive damages. The reason for this ruling is set forth below.

The Supreme Court of Virginia has held that there is no "lessening of this Court's general reluctance to allow punitive damages in run-of-the-mill personal injury cases." *Booth v. Robertson*, 236 Va. 269, 273, 374 S.E.2d 1 (1988). Nonetheless, the Supreme Court of Virginia has held that each case raising the issue of punitive damages must be evaluated on its own facts and "a defendant's entire conduct must be considered in determining whether his actions or admissions present such a question for a jury's determination." *Clohessy v. Weiler*, 250 Va. 249, 253, 462 S.E.2d 94 (1995); *Huffman v. Love*, 245 Va. 311, 315-16, 427 S.E.2d 357 (1993).

The Supreme Court of Virginia has stated that prior knowledge or notice that the acts or admissions would likely cause injury to others is a significant factor in considering whether to allow a punitive damage claim. *Alfonso v. Robinson*, 257 Va. 540, 546, 514 S.E.2d 615 (1999); *Huffman v. Love, supra*, at 315; *Booth v. Roberston, supra*, at 273. The motion for judgment alleges that the defendants willfully and wantonly operated the tractor trailer with defective brakes, defective steering, defective tires, and with a trailer in excess of the posted length allowed on the road where the accident occurred. Granting all inferences in favor of the plaintiff for the purposes of ruling on this demurrer, the Court must assume that the defendants had knowledge of the conditions upon which the plaintiff makes her claim for punitive damages. If the plaintiff can establish that the defendants were aware that a vehicle as large as a tractor trailer was knowingly being operated with defective brakes, defective steering, defective tires, and a trailer of excess length, these are factors that the Court can consider in allowing the case to proceed on the issue of punitive damages.

The defendants also maintain that punitive damages are improper against the employer, Hanson Trucking, Inc. In Virginia, punitive damages cannot be awarded against a master or principal for the wrongful act of his servant "in which he did not participate, and which he did not authorize or ratify." *Freeman v. Sproles*, 204 Va. 353, 358, 131 S.E.2d 410 (1963); *Hogg v. Plant*, 145 Va. 175, 181, 133 S.E. 759 (1926). In the instant case, the plaintiff has alleged that both the driver, Neville D. Hanson, and Hanson Trucking, Inc., were guilty of the acts amounting to willful and wanton conduct justifying the claim for punitive damages. Thus, the allegations are sufficient to infer that Hanson Trucking, Inc., participated in or ratified the conduct alleged to be willful and wanton.