COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Agee
Argued at Alexandria, Virginia


DEENA ANNE ESTEBAN

MEMORANDUM OPINION* BY
v.    Record No. 0028-01-4          JUDGE G. STEVEN AGEE
                                          AUGUST 27, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Frank A. Hoss, Jr., Judge Designate

Richard E. Gardiner for appellant.

Robert H. Anderson, III, Senior Assistant
Attorney General (Jerry W. Kilgore, Attorney
General, on brief), for appellee.


Deena Anne Esteban (Esteban) was convicted by a Prince

William County Circuit Court jury of possession of a firearm on

school property, in violation of Code § 18.2-308.1(B).  She was

sentenced to a term of twelve months incarceration, but the

sentence was suspended, and she was placed on probation for one

year.  Esteban was also fined $2,500, with $500 suspended.  On

appeal, Esteban contends the trial court erred (1) by refusing

to instruct the jury regarding mens rea, an element she argues

is included in the statutory offense for which she was charged,

and (2) by granting the Commonwealth's proposed instruction on

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

possession of a firearm.  For the following reasons, we affirm the decisions of the trial court.

## I.  BACKGROUND

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

Esteban was employed as an art teacher at Marunsco Hills Elementary School in Prince William County.  On Monday, March 6, 2000, Esteban entered the classroom of Susan Tomsko and taught her students for about an hour and then left Tomsko's classroom. Shortly thereafter, Tomsko noticed a yellow bag on the floor, which she determined did not belong to either of her teaching assistants or any of the students.  Tomsko opened the bag and discovered a loaded .38 caliber revolver inside.  Tomsko observed that a checkbook in the bag bore Esteban's name.

Tomsko then found Esteban, who confirmed that the bag belonged to her.  When Tomsko told Esteban that she had seen the revolver in the bag, Esteban responded that she "had a permit to carry a concealed weapon."  After Tomsko told Esteban that she needed to get the firearm out of the school so that no one got hurt, Esteban remarked for the first time that she had forgotten the firearm was in her bag.  Esteban further stated that she did not "usually" bring the weapon to school and took the bag from Tomsko.

-

Esteban was subsequently charged with the unlawful possession of a firearm while on school premises.  At trial, testifying in her own behalf, Esteban said that she had a concealed weapon permit and that she carried the revolver with her when she went to the store or went out at nighttime.  Esteban said, though, that she previously "never" took the firearm into the school.

Esteban also testified that she put the firearm in her bag to go to the store on Saturday, two days before the incident at her school, but had not taken it out of the bag when she returned home.  She then drove to school on Monday morning, parked her car on school grounds "in the back of the building," and took several bags, including the one containing the loaded revolver, into the school.

Esteban submitted a jury instruction on the element of <u>mens rea</u>, arguing an alleged felony offense required that the Commonwealth prove "that she knew she possessed the firearm."[1]

_____

[1] Esteban's proposed instruction provided:

> The defendant is charged with the crime of possession of a firearm upon the property of a public school.  The Commonwealth must prove each element of the offense beyond a reasonable doubt.  The two elements are:  1) that the defendant possessed the firearm while upon the property of a public school, and 2) that she knew she possessed the firearm.
>
> If you find that the Commonwealth has failed to prove either one of the two

-

The Commonwealth argued the charged offense was a strict

liability offense, which did not require such proof.  The trial

court denied Esteban's proposed instruction regarding mens rea.[2]

_____

elements beyond a reasonable doubt, then you
shall find the defendant not guilty of the
charge of possession of a firearm upon the
property of a public school.

If you find that the Commonwealth has
proved both elements beyond a reasonable
doubt, then you shall find the defendant
guilty, unless the defendant proves by a
preponderance of the evidence either that:
1) she possessed a valid permit to carry the
firearm, or 2) upon discovering that she
possessed the firearm, she promptly removed
the firearm from school grounds, in which
case you shall find the defendant not
guilty.

This instruction is erroneous as a matter of law.
Code § 18.2-308(O) provides that "[t]he granting of a concealed
handgun permit shall not thereby authorize the possession of any
handgun . . . on property or in places where such possession is
otherwise prohibited by law . . . ."  Code § 18.2-308.1
prohibits the possession of a firearm on school premises and
does not provide for a defendant's guilt to be negated by
showing that she, after being caught committing the offense,
promptly removed the firearm from the school's premises.
Therefore, the provisions in the last paragraph of Esteban's
proposed instruction are not accurate statements of the law, and
the trial court was required to deny the instruction.
       Further, Esteban admitted that she knowingly possessed the
firearm and maintained dominion and control it.  Therefore, the
proposed instruction was unnecessary, even if one assumes it
were required.

       [2] The trial court issued the following instruction to the
jury:

The defendant is charged with the crime
of possessing a firearm while on school
property.  The Commonwealth must prove
beyond a reasonable doubt each of the
following elements of the crime:

-

The trial court granted, over Esteban's objection, the Commonwealth's proposed instruction that stated "[o]ne may not lose possession or dispossess oneself of property by mere forgetfulness."

## II.  ANALYSIS

On appeal, Esteban contends the trial court erred in refusing to instruct the jury, as requested by her, on the element of mens rea and by instructing the jury that forgetfulness does not dispossess a person of property.  For the following reasons we hold the trial court did not commit reversible error.

---

1.  That the defendant had a firearm in her possession that is designed or intended to propel a missile of any kind; and

2.  That while in possession of a firearm the defendant was on any public, private or parochial elementary, middle or high school property including its building(s) and the grounds attached thereto.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt either or both of the elements of the offense, then you shall find the defendant not guilty.

-

## A. STANDARD OF REVIEW

> A reviewing court's responsibility in reviewing jury instructions is "to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." It is elementary that a jury must be informed as to the essential elements of the offense; a correct statement of the law is one of the "essentials of a fair trial."

Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (internal citations omitted).

## B. THE PROPOSED MENS REA INSTRUCTION

Code § 18.2-308.1(B) provides, in pertinent part:

> If any person possesses any firearm designed or intended to propel a missile of any kind while such person is upon (i) any public, private or parochial elementary, middle or high school, including buildings and grounds, (ii) that portion of any property open to the public used for school-sponsored functions or extracurricular activities while such functions or activities are taking place, or (iii) any school bus owned or operated by any such school, he shall be guilty of a Class 6 felony[.]

On its face, the statute does not require, as an element of the crime, that the possessor knowingly possess the firearm. Esteban argues, however, "[t]he fact that the statute does not include an express mens rea element does not preclude such an element from being read into the statute . . . ." She contends that a felony offense implicitly requires criminal intent even

-

if the statute fails to state it and that the Commonwealth was required to prove "that she knew she possessed the firearm."[3]

We find the trial court did not commit reversible error in instructing the jury on the elements of the offense. Assuming, but not deciding, that a mens rea instruction regarding whether Esteban knowingly possessed the firearm should have been given, we find any error in the trial court's failure to instruct the jury to be harmless.

Our determination that the error is harmless is guided by familiar principles. In the context of reviewing the improper instruction of juries, harmless error analysis is appropriate. See Kil v. Commonwealth, 12 Va. App. 802, 812, 407 S.E.2d 674, 679-80 (1991). "[N]on-constitutional error is harmless '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (citation omitted). "Each case must . . . be analyzed individually to determine if an error has affected the verdict." Id. at 1009, 407 S.E.2d at 913. "[W]here the reviewing court is able to determine that the trial court's error in failing to instruct the jury could not have affected the verdict, that

_____

[3] Esteban does not contend that the Commonwealth was required to prove she intentionally possessed the firearm while on school premises.

-

error is harmless." Turner v. Commonwealth, 23 Va. App. 270,

276, 476 S.E.2d 504, 507 (1996) (citation omitted), aff'd, 255

Va. 1, 492 S.E.2d 447 (1997).

Based upon our examination of the record and evidence

presented in the case, we are satisfied that any error committed

by the trial court's failure to give the proposed jury

instruction on mens rea did not affect the verdict or otherwise

deprive Esteban of a fair trial on the merits.[4] The evidence of

Esteban's knowing possession of the firearm was undisputed:

Esteban testified that she owned the firearm, regularly carried

it with her, and placed it in the bag prior to her outings over

the weekend. The uncontroverted evidence further proved that

Esteban alone placed the firearm inside the bag, which she

admitted she alone carried into the school less than forty-eight

---

[4] The dissent cites Staples v. United States, 511 U.S. 600, 607 (1994), to conclude that the failure of the trial court to instruct the jury on mens rea requires the reversal of Esteban's conviction. We, however, find Staples distinguishable from the case at bar. In Staples, the defendant was charged and convicted of violating the National Firearms Act, 26 U.S.C. §§ 5801-5872, for his possession of an unregistered assault rifle. Staples knew he possessed the firearm, but claimed he was unaware that the firearm had been modified into an automatic weapon requiring its registration. The Supreme Court of the United States, in reversing the conviction, found the statutory offense implicitly contained a mens rea requirement that the possessor know that the weapon is subject to registration. Id. at 614-15. In the case at bar, however, there is no similar element of the crime in dispute. Esteban admitted she knew she possessed the firearm and she knew she was on school grounds. Therefore, even assuming the mens rea argument in Staples is germane to Code § 18.2-308.1(B), that argument would apply to a disputed element of the crime, e.g. knowledge of firing capacity for registration, not the simple possession of the weapon.

-

hours later.  Esteban's own undisputed testimony proved her ownership, possession, control and dominion of the bag and firearm at all times germane to the offense charged.  The record reflects no intervening circumstance that interrupted Esteban's ownership, possession, control and dominion of the firearm from the time she put it in the bag through the time she entered upon the school premises with it.  We can conclude, therefore, without usurping the jury's fact finding function, that, had the jury been instructed that the Commonwealth was required to prove that Esteban "knew she possessed the firearm," as Esteban requested, the verdict would have been the same.

Accordingly, any error was harmless.  "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same."  Lavinder, 12 Va. App. at 1005, 407 S.E.2d at 911.  Therefore, we will not reverse Esteban's conviction, as any error regarding the proposed mens rea instruction was harmless.

C.  THE FORGETFULNESS INSTRUCTION

Esteban also contends the trial court erred by instructing the jury that "one may not lose possession or dispossess oneself of property by mere forgetfulness."  She argues the instruction was irrelevant and improper.  She contends her forgetfulness negates her possession of the firearm in violation of Code

-

§ 18.2-308.1.  We disagree and affirm the decision of the trial court.

The jury instruction given by the trial court, which instructed the jury that one does not divest oneself of possession by mere forgetfulness, was a proper statement of the law as it pertains to this case.  We cannot accept the proposition, under the circumstances of this case, that one may lose possession or dispossess oneself of property by mere forgetfulness.

Esteban did not lose possession of the firearm by her mere forgetfulness.  To lose possession of a thing is not to place or put the thing carefully and voluntarily in the place you intend and then forget it.  See, generally, Flax v. Monticello Realty Co., 185 Va. 474, 39 S.E.2d 308 (1946).  Esteban admitted at trial that she owned the firearm discovered by Tomsko and regularly carried the concealed weapon.  Esteban also admitted that she personally placed the firearm in the bag in which it was found and that she possessed the bag, exercising full dominion and control of it at all times.  Esteban was, therefore, aware of both the presence and character of the firearm.  Further, the time period between Esteban placing the firearm into her bag and then carrying it onto the school's premises was de minimus.

In the case at bar, Esteban challenged the Commonwealth's case by presenting her testimony that she had forgotten about

-

the firearm in her bag.  Since the alleged forgetfulness did not negate possession, the trial court's grant of the clarifying instruction was necessary and relevant.  "'Both the Commonwealth and the defendant are entitled to appropriate instructions to the jury of the law applicable . . . provided such instructions are based upon the evidence adduced.'"  Stewart v. Commonwealth, 10 Va. App. 563, 570, 394 S.E.2d 509, 514 (1990) (quoting Simms v. Commonwealth, 2 Va. App. 614, 616, 346 S.E.2d 734, 735 (1986)).

Accordingly, the decision of the trial court and Esteban's conviction are affirmed.

Affirmed.

-

Benton, J., dissenting.

Deena Esteban had a permit to carry a concealed handgun. Thus, prior to entering the school ground, she was engaged in lawful conduct while carrying a handgun inside the zippered bag, which contained her personal belongings. Esteban was indicted and tried for violating Code § 18.2-308.1(B), which provides that "any person [who] possesses any firearm designed . . . to propel a missile of any kind while such person is upon . . . any public . . . elementary . . . school, including buildings and grounds, . . . shall be guilty of a Class 6 felony." At the conclusion of the evidence, the trial judge rejected Esteban's proposed jury instruction that the Commonwealth was required to prove as an element of the offense that she knowingly possessed the gun.[5] Instead, the trial judge instructed the jury that it could convict Esteban if she was on school property while she "had a firearm in her possession." I would hold the trial judge erred, and I would further hold that the error was not harmless.

---

[5] Although the majority believes the instruction was defective, the Supreme Court has repeatedly held "'that when the principle of law is materially vital to a defendant in a criminal case, it is reversible error for the trial court to refuse a defective instruction instead of correcting it and giving it in the proper form.'" Commonwealth v. Jerman, 263 Va. 88, 93, 556 S.E.2d 754, 757 (2002) (quoting Whaley v. Commonwealth, 214 Va. 353, 355-56, 200 S.E.2d 556, 558 (1973)).

-

I.

Although Code § 18.2-308.1(B) does not expressly contain a mens rea element, the principle is well established in Virginia jurisprudence that "'whenever a statute makes any offen[s]e felony, it incidentally gives it all properties of a felony at common law.'" Parish v. Commonwealth, 81 Va. 1, 14 (1884) (citation omitted). In common law felonies, "[t]he existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence." Dennis v. United States, 341 U.S 494, 500 (1951). Applying this principle, the United States Supreme Court reversed a conviction where a trial judge refused to instruct a jury that the government had "to prove beyond a reasonable doubt that [the defendant] knew the weapon he possessed had the characteristics that brought it within the statutory definition of a machinegun." Staples v. United States, 511 U.S. 600, 602 (1994). Noting that the statute's express language did not contain a mens rea element, the Court held as follows:

> The language of the statute, . . . [is] the starting place in our inquiry. . . . Nevertheless, silence on [the question of mens rea], by itself, does not necessarily suggest that [the legislature] intended to dispense with a conventional mens rea element, which would require that the defendant know the facts that make his conduct illegal. See [United States v.] Balint, [258 U.S. 250, 251 (1922)] (stating that traditionally, "scienter" was a necessary element in every crime). See also n.3, infra. On the contrary, we must

-

construe the statute in light of the background rules of the common law, see United States v. United States Gypsum Co., 438 U.S. 422, 436-437 (1978), in which the requirement of some mens rea for a crime is firmly embedded. As we have observed, "[t]he existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence." Id., at 436 (internal quotation marks omitted). See also Morissette v. United States, 342 U.S. 246, 250 (1952) ("The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil").

There can be no doubt that this established concept has influenced our interpretation of criminal statutes. Indeed, we have noted that the common law rule requiring mens rea has been "followed in regard to statutory crimes even where the statutory definition did not in terms include it." Balint, supra, at 251-252. Relying on the strength of the traditional rule, we have stated that offenses that require no mens rea generally are disfavored, Liparota [v. United States, 471 U.S. 419, 426 (1985)], and have suggested that some indication of congressional intent, express or implied, is required to dispense with mens rea as an element of a crime. Cf. United States Gypsum, supra, at 438; Morissette, supra, at 263.

Staples, 511 U.S at 605-06. See also Maye v. Commonwealth, 213 Va. 48, 49, 189 S.E.2d 350, 351 (1972).

The General Assembly has not clearly indicated, neither expressly nor implicitly, that it intended to abrogate the common law when it failed to include a mens rea element in Code

-

§ 18.2-308.1(B).  "The statute must therefore be read along with the provisions of the common law, and the latter will be read into the statute."  Wicks v. City of Charlottesville, 215 Va. 274, 276, 208 S.E.2d 752, 755 (1974).  The conventional rule favoring scienter generally requires a court "interpreting criminal statutes to include broadly applicable scienter requirements, even when the statute by its terms does not contain them."  United States v. X-Citement Video, Inc., 513 U.S. 64, 70 (1994).  As such, Code § 18.2-308.1(B) should be read to require proof that the person "know the facts that make [the person's] conduct illegal," Staples, 511 U.S. at 605, in this case, that Esteban knew she possessed the gun.

In Virginia, a person may obtain a permit and lawfully carry a concealed gun.  See Code § 18.2-308.  Esteban had such a permit.  Thus, when she put the gun in her bag and went shopping forty-eight hours before she had to teach her class, she was engaging in lawful conduct in Virginia.  Indeed, given the existence of state law that permits the carrying of concealed guns, "despite their potential for harm, guns generally can be owned in perfect innocence."  Staples, 511 U.S. at 611.  As the Supreme Court noted, "[e]ven dangerous items can, in some cases, be so commonplace and generally available that we would not consider them to alert individuals to the likelihood of strict regulation."  Id.  It is precisely this commonplace possession of a concealed gun in perfect innocence, which the law

-

authorizes, that further suggests the legislature did not intend to dispense with the requirement to prove mens rea and to exact a felony penalty for a person who had no knowledge that the bag containing her personal belongings also contained the gun she had a permit to carry.  This is clearly a case in which the usual presumption in favor of scienter applies to "the statutory elements which criminalizes otherwise innocent conduct." X-Citement Video, 513 U.S. at 72.

## II.

The failure to instruct the jury that the Commonwealth was required to prove Esteban knowingly possessed the gun while on the school property was not harmless.  It is a fundamental principle of criminal law that when an offense requires proof of a requisite mental state the Commonwealth must prove beyond a reasonable doubt the mental state coincides with the act. Harrell v. Commonwealth, 11 Va. App. 1, 7, 396 S.E.2d 680, 682 (1990).  See also Wayne R. LaFave & Austin W. Scott, Jr., Criminal Law § 8.7, at 752 (2d ed. 1986) (stating that "the mental and physical elements of the crime must coincide"). Thus, when knowledge is an element of the offense, it must be proved, as any other element, beyond a reasonable doubt.  Huntt v. Commonwealth, 212 Va. 737, 739, 187 S.E.2d 183, 185 (1972).

As the majority opinion notes, the evidence proved Esteban had a concealed gun.  Esteban testified, however, that she had put the gun in the bag when she went to a store.  Two days

-

later, she took several bags, including the one containing the gun, from her car into the school where she taught art.

Tomsko also testified that when she inquired of Esteban concerning the contents of the bag, Esteban said "Oh my God, I forgot it was in there." Although Tomsko testified at first that Esteban stated either "she usually doesn't bring it to school or she doesn't bring it to school," when questioned further, Tomsko agreed that Esteban's response was that "she doesn't bring [the gun] to school." She also testified that Esteban "was in shock," and she described Esteban's reaction as similar to her own reaction when she realized the gun was in the bag.

The fact that Esteban placed the gun in her bag only forty-eight hours earlier and admitting carrying it onto the property does not negate the harmless error analysis. "A harmless error analysis is not simply a sufficiency of the evidence analysis. Even if 'the other evidence amply supports the jury's verdicts, [the error is not harmless when] the disputed testimony may well have affected the jury's decision.'" Clay v. Commonwealth, 33 Va. App. 96, 123, 531 S.E.2d 623, 636 (2000) (citation omitted). Absent a proper instruction, the jury could have convicted Esteban even though it accepted as true that Esteban had not knowingly possessed the gun when she entered the school property. Because the error could have affected the verdict, it is not harmless. King v. Commonwealth,

-

217 Va. 912, 915, 234 S.E.2d 67, 69 (1977). Indeed, the Supreme Court has held that "[i]f an issue is erroneously submitted to a jury, we presume that the jury decided the case upon that issue." Clohessy v. Weiler, 250 Va. 249, 254, 462 S.E.2d 94, 97 (1995).

Moreover, in light of the trial judge's failure to instruct the jury on mens rea, the judge's instruction to the jury that "one may not lose possession or dispossess oneself of property by mere forgetfulness" was erroneous and tended to further discount the relevance of Esteban's evidence that she was not aware that she had the gun when she entered the school property. "A well-accepted definition of 'knowingly' is '[a]n act . . . done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.'" United States v. Jones, 735 F.2d 785, 789 (4th Cir. 1984) (citation omitted). See also Staples, 511 U.S. at 623 (Ginsburg, J., concurring) ("'Knowingly possessed' logically means 'possessed and knew that he possessed.'"). Absent an instruction that the Commonwealth was required to prove knowing possession of the gun, the jury could have convicted Esteban despite believing that she was not aware the gun was in the bag. Thus, the error in this case plainly could have affected the verdict.

For these reasons, I would reverse the conviction and remand for a new trial.