## CIRCUIT COURT OF GREENSVILLE COUNTY

Ernest R. Brown

v.

Seay Logging & Hauling, L.L.C.,
and Kevin J. Walker

December 11, 2015

Case No. CL14-112

BY JUDGE NATHAN C. LEE

The issues before this Court are whether the Court should grant or deny Defendant's Motion for Partial Summary Judgment and Motion *in Limine*.

This matter comes before the Court on a Complaint filed April 30, 2015, as well as a Motion for Partial Summary Judgment and Motion *in Limine*, both filed November 18, 2015, by Northern Neck Insurance Company ("Northern Neck"), against Plaintiff Ernest R. Brown. The Court heard arguments on these Motions on December 4, 2015. The basic facts of the case are as follows.

On February 19, 2013, Defendant was driving a logging truck through the City of Emporia, Virginia, when he struck Plaintiff's pickup truck while attempting to make a right turn. The cab of the logging truck struck the driver's side of the pickup truck. The logging truck's trailer overturned, spilling logs into the road that struck the pickup truck. At the time of the accident, the logging truck was owned by defendant Seay Logging & Hauling, L.L.C. ("Seay Logging"), and was driven by defendant Kevin J. Walker. Northern Neck has admitted that defendant Walker was negligent and that his negligence was a proximate cause of the accident.

On June 13, 2014, Plaintiff filed his original Complaint in case number CL14-112 (the "previous case"). On February 9, 2015, this Court granted Plaintiff's Motion To Amend the Complaint. Plaintiff also filed a second suit, case number CL15-87, which this Court dismissed with prejudice following a hearing on March 9, 2015. The previous case was set for trial, but was nonsuited by Order of this Court on April 30, 2015. On the same day,

Plaintiff filed his new Complaint in the present case, alleging that Walker's and Seay Logging's conduct constituted willful and wanton conduct and/ or conduct in conscious disregard for ·the rights of others, and seeking punitive damages against Defendants. Northern Neck has moved for partial summary judgment and has moved to exclude or limit the testimony of defense expert Kevin R. Theriault.

## Discussion

Supreme Court of Virginia Rule 3:20 states that "[s]ummary, judgment shall not be entered if any material fact is genuinely in dispute." Va. Sup. Ct. R. 3:20 (2014). Thus, summary judgment is only appropriate when the movant establishes that there is no genuine issue of material fact after adopting those facts most favorable to the non-moving party and therefore the moving party is entitled to judgment as a matter of law. *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 301, 440 S E 2d 902, 903 (1994). When considering a summary judgment motion, this Court must accept "as true those inferences from the facts that are most favorable to the non-moving party, unless the inferences are forced, strained, or contrary to reason." *Klaiber v. Freemason Assocs.*, 266 Va. 478, 484, 587 S.E.2d 555, 558 (2003).

There are no material facts genuinely in dispute in this case and judgment is appropriate as a matter of law. Even adopting those facts most favorable to Plaintiff, Defendants' acts and omissions leading up to the accident do not rise to the level required to support an award of punitive damages. Therefore, Defendant's Motion for Partial Summary Judgment is granted.

Punitive damages are generally disfavored in Virginia, but will be awarded in cases involving the most egregious conduct. *Bowers v. Westvaco Corp.*, 244 Va. 139, 150 (1992). The Virginia Supreme Court has permitted punitive damages in personal injury cases where there is misconduct or malice or on a showing of willful and wanton conduct. *Booth v. Robertson*, 236 Va. 269, 271, 273, 374 S.E.2d 1, 2 (1988). Willful and wanton conduct typically involves conduct which goes beyond that which shocks fair-minded people, and has been defined by the Court as "acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Harris v. Hannan*, 253 Va. 336, 340-41, 486 S.E.2d 99, 101-02 (1997) (citing *Griffin v. Shively*, 227 Va. 317, 321, 315 S.E.2d 210, 213 (1984)). Additionally, the Virginia Supreme Court has stated that each case for punitive damages should be decided on its own facts, and that the court must consider a defendant's entire conduct when determining whether the question of punitive damages will be presented to the jury. *Alfonso v. Robinson*, 257 Va. 540, 545, 514 S.E.2d 615, 618 (1999) (citing *Clohessy v. Weiler*, 250 Va. 249, 253, 462 S.E.2d 94, 97 (1995)). This Court previously

found the alleged facts in this case were sufficient to survive a Demurrer, and turns now to the Motion for Partial Summary Judgment.

In the instant case, Plaintiff has stated that Defendants violated at least twelve federal regulations leading up to the accident. Defendants argue that this conduct does not rise to the level required to warrant an award of punitive damages. This Court agrees with and adopts the reasoning and arguments set forth by Northern Neck in its Motion for Partial Summary Judgment and Response to Plaintiff's Brief in Opposition, with the exception that a litigant need not find both willful and wanton conduct and malicious conduct in order to support an award of punitive damages. Specifically, the Court finds that, even if Mr. Walker violated all of the federal regulations put forth by Plaintiff, these regulations merely provide the standard of care for simple negligence, which Defendants have already admitted. The cumulative nature of this conduct still does not amount to willful and wanton conduct or malice as it is not conduct that "goes beyond that which shocks fair-minded people." Therefore, Northern Neck's Motion for Partial Summary Judgment is granted.

However, the Court denies Northern Neck's Motion *in Limine* to exclude or limit the testimony of Kevin R. Theriault. Although Walker's excluded statement did initially form the basis of Theriault's opinion, Mr. Walker made many of the same statements in his deposition, which has not been excluded in this case. Plaintiffs have stated to this Court that, because of Walker's statements in his deposition, Theriault's opinions are the same, with or without the excluded statement. Therefore, this Court will not limit Theriault's testimony at this time.

## Conclusion

Accordingly, for the reasons stated herein, Northern Necks Motion for Partial Summary Judgment is granted. The Motion *in Limine* is denied.